OPINION OF THE COURT
Harold Tompkins, J.
The rules establishing the Individual Assignment System (IAS) provide the court with the authority to transfer an action in New York County to a related action pending in Nassau County. This issue arises in the context of a declaratory judgment action brought in New York County which seeks to determine the obligations of the defense for a personal injury action in Nassau County.
*955 PROCEDURAL BACKGROUND
The underlying personal injury action in Nassau County is entitled Jackman v Kazlauskas. It sounds in negligence as a slip and fall down steps at the home of Mr. Kazlauskas. Mr. Kazlauskas has a homeowner’s policy with State Farm Fire and Casualty Company (State Farm) and an automobile liability policy with United Community Insurance Company (United Community) in Nassau County.
In the New York County declaratory judgment action, State Farm has brought a motion to strike the action from the Trial Calendar since there have been no depositions in the declaratory judgment action. United Community has cross-moved from summary judgment. All parties with the exception of United Community seek transfer of this action to Nassau County.
According to the deposition transcripts in the Nassau County action, Mr. Kazlauskas was operating a limousine business from his home. United Community, the insurer under the automobile liability policy, disclaimed coverage on the basis that the accident did not involve a motor vehicle. State Farm also disclaimed coverage on the homeowner’s policy on the basis that the accident arose out of Mr. Kazlauskas’ limousine business since Mr. Jackson allegedly fell while getting out of the car. Discovery is complete in the Nassau County action and the case is on the Trial Calendar.
THE STRUCTURE OF THE IAS SYSTEM
Under 22 NYCRR 202.3 an Individual Assignment System[1] was established in the Supreme Court. Once a proceeding is presented for judicial intervention via a motion or a request for a conference, it is assigned to a Justice. This assigned Justice is responsible for supervision of the action until the action is resolved pursuant to all subsequent matters (22 NYCRR 202.3 [b]).[2]
Under 22 NYCRR 202.6, the filing of a request for judicial intervention causes the action to be assigned to a Justice if it is the first judicial activity. If there is a related action, it *956 should be referred to the assigned Justice.[3] Of course, a party should be able to apply for random selection. However, the only rational purpose of requiring identification of related action is to ensure that related proceedings are resolved most expeditiously by assignment to the Justice most familiar with the proceedings. A party seeking to challenge assignment of a purportedly related case to the assigned Justice can seek judicial determination by bringing on a motion.
In this matter, the assigned Justice in the personal injury action in Nassau County will be in the best position to determine if additional discovery is needed in the declaratory judgment action and, if so, the extent of the additional discovery. The assigned Justice will also be able to coordinate the calendaring of the related actions.
Accordingly, this declaratory judgment is transferred to the assigned Judge in Supreme Court, Nassau County, pursuant to 22 NYCRR 202.3 (b). The motions and cross motions are referred with the action.

. Pursuant to 22 NYCRR 202.3 (c) (4), (5), matters requiring immediate disposition may be transferred when the assigned Justice is not available.

. The request for judicial intervention provides that the party must identify a related action.

. In this connection the court takes note of the Rules for the Division of Business Among District Judges in the United States District Courts in the Southern District (rules 4 [b]; 15) and Eastern District (rule 50.3). These local rules contemplate an initial assignment of an action claimed to be related to a pending action to the assigned Judge by the clerk’s office. These rules provide that the relatedness claim can be challenged by motion.